10-286-ag
Chowdhury v. Holder

BIA
A073 663 929

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of April, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

TOFAIL AHMED CHOWDHURY,
> *Petitioner*,

v.                                          10-286-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Michael P. Lindemann,
                       Assistant Director; Daniel I.
                       Smulow, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Tofail Ahmed Chowdhury, a native and citizen of Bangladesh, seeks review of a December 30, 2009 order of the BIA denying his motion to reopen his removal proceedings. *In re Tofail Ahmed Chowdhury*, No. A073 663 929 (B.I.A. Dec. 30, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, Chowdhury's motion to reopen was indisputably untimely, as he filed it more than seven years after his final order of removal, and number-barred because it was his second motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C). Thus, Chowdhury was required to establish materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Substantial evidence supports the BIA's conclusion that Chowdhury failed to establish a change of country conditions

material to his claim that he would be persecuted in Bangladesh because of his former political activities in support of the Jatiya Party. Chowdhury's claim of materially changed conditions rests primarily on his assertion that, on December 25, 2008, members of the BNP's Rapid Action Battalion raided his home and beat his brother while attempting to arrest Chowdhury for jumping bail. However, this incident does not differ materially from the incidents Chowdhury described during his initial merits hearing, at which time Chowdhury alleged that he himself had been beaten on multiple occasions, injured by a bomb attack, and convicted of a crime in retaliation for his political activities. Additionally, country conditions evidence demonstrates that even if any of the BNP's actions were politically motivated, as Chowdhury asserts, Chowdhury could defend himself before Bangledesh's independent judiciary, a remedy that existed at the time of Chowdhury's initial merits hearing and when he filed his motion to reopen. Indeed, country conditions have arguably improved since the initial hearing, as the Awami League has returned to power in Bangladesh with the Jatiya Party as an ally, and the independent judiciary has stopped overturning politically

3

charged decisions unfavorable to the government and granted bail to thousands of political figures. Accordingly, substantial evidence supports the BIA's conclusion that Chowdhury failed to demonstrate a material change in country conditions. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008) (holding that when the agency explicitly considers relevant evidence of country conditions in evaluating a motion to reopen, this Court reviews the agency's factual findings under the substantial evidence standard).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4